Filed 05/06/25



VERMONT SUPERIOR COURT

Addison Unit
7 Mahady Court
Middlebury VT  05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 33-2-19 Ancv

---

Nationstar Mortgage LLC vs. Bienvenue et al

---

## ENTRY ORDER

The court held a status conference in this matter on April 3, 2025. Nationstar Mortgage LLC ("Nationstar") appeared through counsel, and Ms. Bienvenue was represented by her guardian ad litem. During the hearing, plaintiff's attorney raised the issue of delay caused by the court's order from December 30, 2019. At that time, due to the court's knowledge of questions around Ms. Bienvenue's competency in a different matter, the court ordered required that Ms. Bienvenue be appointed a guardian ad litem in compliance with V.R.C.P. Rule 17(b). See Entry Order, 33-2-19 Ancv,12/30/19. The court also required she be assigned an attorney and undergo a competency hearing, although these proceedings were not mandated by the Rule. *Id*. Ms. Bienvenue appeared for hearings and filed documents with the court during this period. However, she has refused to participate in proceedings or appear in court since February 2023. Nationstar wishes to move forward with default judgement proceedings but has been stymied by the suggestion of potential incompetence in the order along with V.R.C.P. Rule 55, which states that "The court shall not enter judgment by default against a minor or incompetent person unless represented in the action by a guardian . . . ." V.R.C.P. 55(b).  Although Ms. Bienvenue has been appointed a guardian ad litem, she does not have a probate-appointed guardian, and it has become clear that the terms of the order have created additional unforeseen difficulties.

In addition to Ms. Bienvenue's refusal to participate, these include: 1) the challenges Ms. Bienvenue's guardian ad litem and the court have encountered in finding an attorney willing to represent Ms. Bienvenue; and 2) a general lack of clarity in Vermont law regarding the standards and processes necessary to conduct a competency evaluation in a civil context. A combination of these factors has resulted in no meaningful progress on the case since the issuance of that order. After subsequent review, the court has doubts about the grounds on which the order was originally issued.

In the interest of fairness and judicial efficiency, the court recognizes the need to move this case forward. However, it must do so in a way that adequately protects the due process rights of those involved. Given these circumstances, the court is considering modifying the order on appropriate motion to dispense with the requirement for a competency hearing at this stage. At the April 3 hearing, plaintiff's attorney suggested V.R.C.P. Rule 60(b)(5) as an avenue for vacating the 2019 order. In addition to this possibility, it appears to the court that the order could also be modified using V.R.C.P. Rule 54(b), as it is an interlocutory order in a multi-party case. V.R.C.P. 54(b).

Although these provisions would allow the parties to move forward with default judgment, court staff would continue to work with Ms. Bienvenue's guardian ad litem to attempt to secure counsel and ensure she has appropriate notice of proceedings to the extent possible. The court recognizes Ms. Bienvenue's continued occupancy of the premises may do ongoing harm to Nationstar, but wishes to provide her with ample opportunity to respond or procure additional assistance, in light of the court's previous order. Should Ms. Bienvenue contest the judgment or other circumstances arise that warrant it, a competency evaluation could still be undertaken. Under V.R.C.P. Rule 35(a), the court may "order [a] party to submit to a physical or mental examination by a suitably licensed or certified examiner . . ." if "the mental or physical condition . . . of a party .

. . is in controversy . . . ." V.R.C.P. 35(a). Default judgment in this case depends on the defendant's failure to defend the action in addition to the specter of incompetency; a response by Ms. Bienvenue could forestall default judgment but could also place her mental condition in controversy. Thus, a competency evaluation may be necessary to move forward at that stage.

The parties have until June 16, 2025 to submit additional legal and factual support on the issues addressed in this motion. Specifically, the court would like to hear from the parties regarding: 1) proposed avenues for modifying or vacating the court's 2019 order; 2) any possibilities that remain to be explored around securing counsel for Ms. Bienvenue or otherwise safeguarding her due process rights; and 3) whether the parties would interpret Ms. Bienvenue's mental condition as being "in controversy" were she to contest the entry of default judgment.

**Signed electronically May 6, 2025 pursuant to V.R.E.F 9(d).**

_____
**David Barra**
**Superior Court Judge**